# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**BRADYN ACKERSON**
Reg. #31557-509                                                                               **PLAINTIFF**

V.                             NO. 2:24-cv-00157-BSM-ERE

**CHAD GARRETT**, *et al.*                                                            **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within 14 days of the date of this Recommendation. If you do not file objections, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.   Background

On August 23, 2024, *pro se* plaintiff Bradyn Ackerson, a federal inmate at Forrest City Medium–Federal Correctional Institution ("FCM-FC"), filed this civil rights lawsuit. *Doc. 2*. Because Mr. Ackerson is a federal inmate, he brings this action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Mr. Ackerson is proceeding on medical deliberate indifference claims against Defendants Warden Chad Garrett, Health Services Secretary Candyce Nichols, and Health Services Director Celia Hansen.

Defendants have now filed a motion for summary judgment, brief in support, and statement of facts arguing that Mr. Ackerson failed to fully exhaust his administrative remedies as to his pending claims before filing his lawsuit. *Docs. 13, 14, 15*. Mr. Ackerson has not responded to Defendants' motion, and the time for doing so has passed. *Doc. 16*. The motion is now ripe for review.

For the reasons stated below, Defendants' motion for summary judgment (*Doc. 13*) should be granted.

### III. Discussion

#### A. The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available

administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Ackerson to satisfy the BOP's requirements for raising and exhausting his pending claims before bringing this action.[1]

### B. The BOP's Grievance Procedure

The BOP has a four-level administrative process for resolving inmate grievances: (1) an attempt at informal resolution with prison staff; (2) if informal resolution fails, submission of a formal request for administrative remedy to the Warden on form BP-9; (3) if dissatisfied with the Warden's response, the inmate must appeal to the appropriate Regional Director, commonly referred to as a "BP-10"; and (4) if the inmate is dissatisfied with the Regional Director's response, the inmate must appeal to the General Counsel (also known as Central Office Administrative Remedy Appeal to the General Counsel), and commonly referred to as a "BP-11." 28 C.F.R. §§ 542.13–542.18. An administrative remedy is not deemed exhausted unless it has been properly presented at all four levels of the administrative

---

[1] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

remedy process and the inmate's requests were denied at each level. Bureau of Prisons Program Statement ("P.S.") 1330.18(9).

### C. Mr. Ackerson's Grievance History

In support of their motion, Defendants submit the affidavit of Joshua Sutton, Executive Assistant and Administrative Remedy Coordinator at the Federal Correctional Complex in Forrest City, Arkansas. *Doc. 15-1*. Mr. Sutton testifies that, Mr. Ackerson, since being incarcerated, has submitted five administrative remedy requests or appeals, including four administrative remedy requests related to the claims raised in this case, 1192540-RI, 1192931-FI, 1201504-FI, and 1221787-FI. *Id. at 4*.

However, Mr. Ackerson failed to complete the exhaustion process as to any of these administrative remedy requests, none of which were appealed to the fourth and final step of the administrative process, the Central Office Administrative Remedy Appeal to the General Counsel. *Doc. 15-1 at 5*.

Mr. Ackerson has failed to come forward with any evidence contradicting Mr. Sutton's testimony; nor has he presented any argument that he was either precluded from fully exhausting his administrative remedies or that the grievance procedure was unavailable to him. Based on the record before me, there is no genuine issue of material fact as to whether Mr. Ackerson fully exhausted his pending claims against Defendants before bringing this lawsuit. As a result, Mr. Ackerson's claims should

be dismissed, without prejudice, for failure to fully exhaust his administrative remedies.

IV.  **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 13*) be GRANTED.

2. Mr. Ackerson's claims be dismissed, without prejudice, for failure to exhaust administrative remedies.

3. The Clerk be instructed to close this case.

DATED 16 January 2025.

_____
UNITED STATES MAGISTRATE JUDGE